

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG
F. #2018R01021

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 29, 2021

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. John Cahill
             <u>Criminal Docket No. 19-442 (S-1) (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this letter in connection with the sentencing of defendant John Cahill and in response to the defendant's November 22, 2021 sentencing memorandum, which includes his objections to the March 12, 2021 Pre-Sentence Investigation Report ("PSR"). The government respectfully submits that the sentence imposed should reflect the goals of sentencing, as set forth in 18 U.S.C. § 3553(a).

## BACKGROUND

      The defendant, along with Joseph Amato, his son Joseph Amato, Jr., and other of his co-defendants, operated an illegal gambling business involving poker and blackjack games for a period of months, in violation of 18 U.S.C. § 1955. Multiple telephone conversations between the defendant and Amato, who then held the position of a captain in the Colombo organized crime family of La Cosa Nostra (the "Colombo family"), were intercepted pursuant to a court-authorized wiretap. For example, in one telephone conversation on October 5, 2018 (JA #24), Amato instructed the defendant, "Just put everything on hold until I see you" and they then made plans to meet the following week.

DISCUSSION

I.  Cahill's Objections to the PSR

Cahill objects to the characterization of Cahill as an associate of the Colombo family and the inclusion of information in the PSR regarding the structure, means and methods of La Cosa Nostra.  Although Cahill did not play a significant role in the Colombo family, the information about Las Cosa Nostra and his association with it is both accurate and relevant to sentencing Cahill.  This information is therefore properly included in the PSR.

As described above, at least for a period of time, Cahill reported to Amato, a captain in the Colombo family, and received direction from Amato at least insofar as operating the illegal gambling business, to which he pleaded guilty.  As such, Cahill was an associate of Amato and the Colombo family.  Furthermore, the information regarding the structure, means and methods of La Cosa Nostra is relevant to the charged conduct.  Indeed, La Cosa Nostra and Amato's role in it are among the very reasons that the illegal gambling business thrived.  (In one intercepted telephone call (JA #2437), Amato told his son that a gambling business at another location was told that it could not open at that location because it "didn't get the right permits," which in context is believed to refer to permission from a particular organized crime family.)

Cahill also objects to the portion of the PSR related to John Doe #6.  The government maintains that a preponderance of evidence shows that on one occasion, the defendant, along with Joseph Amato, Jr., and a cousin of John Dunn, summoned John Doe #6 outside of the PLAY Sports Bar in Staten Island.  Once outside, Cahill took John Doe #6's cup and shoved it, while John Dunn's cousin grabbed his face.  John Doe #6 understood that the group confronted John Doe #6 in connection with money that John Doe #6 owed to John Dunn.

II.  Sentencing

The government respectfully submits that the sentence imposed should reflect the goals of sentencing, as set forth in 18 U.S.C. § 3553(a).

A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory.  United States v. Booker, 125 S. Ct. 738, 764-65 (2005).  However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence.  Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and

to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B.    Analysis

The sentence imposed by the Court should take into consideration that operating an illegal gambling business sanctioned by the Colombo family is a serious crime and that the defendant's association with criminal activity was not aberrational. See 18 U.S.C. § 3553(a)(1). As described above, the defendant also participated with others to intimidate John Doe #6 in an attempt to convince John Doe #6 to pay an outstanding loanshark loan. Finally, the sentence should reflect the need to deter others from associating with the Colombo family, a violent criminal enterprise.

## CONCLUSION

The government respectfully submits that the sentence imposed should reflect the goals of sentencing, as set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Elizabeth Geddes
Assistant U.S. Attorney
(718) 254-6430

cc:    Clerk of the Court (BMC) (by ECF)
       Patricia Sullivan (U.S. Probation) (by e-mail)
       Jeffrey G. Pittell, Esq. (by ECF)